UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

    Plaintiff,

vs.

+/– 0.258 ACRES OF LAND IN COLUMBIA
COUNTY, FLORIDA, LINDA AVRAM,
UNKNOWN OWNERS, IF ANY,

    Defendants.
_____/

Case No.
3:21-cv-241-MMH-JBT

Tract Nos:
FL-COLU-055.00

### ORDER ON MOTION FOR RECONSIDERATION

**This cause** is before the Court on Plaintiff Florida Gas Transmission Company, LLC's (FGT's) "Motion for Reconsideration of the Order on Final Summary Default Judgment and Memorandum of Law in Support." (Doc. 36, Motion for Reconsideration). On July 29, 2021, the Court entered an Order (Doc. 34, Order) granting FGT's Motion for Final Summary Default Judgment as to Unknown Owners, if any (Doc. 28, Motion for Default Judgment). As part of the Order, the Court directed FGT to deposit $500.00 (the appraised value of the condemned property) into the Court's Registry. Order at 8. FGT seeks reconsideration of that aspect of the Order under Rule 60(a), Federal Rules of Civil Procedure ("Rule(s)"). No party has responded in opposition.

Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Rule 60(a). Notably, "[a] 'district court may act under Rule 60(a) only to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time.'" Phuc Quang Le v. Humphrey, 703 F. App'x 830, 835 (11th Cir. 2017) (citing Vaughter v. E. Air Lines, Inc., 817 F.2d 685, 688–91 (11th Cir. 1987)). A court is not, however, permitted to "clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." Weeks v. Jones, 100 F.3d 124, 129 (11th Cir. 1996) (quotation omitted). Such errors that affect the substantial rights of the parties are beyond the scope of Rule 60(a) and should be dealt with under Rule 60(b).[1] Warner v. City of Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir. 1976) (internal citation omitted)[2]; see also Estate of West v. Smith, ––– F. 4th –––, 2021 WL 3699467, at *5 (11th Cir. Aug. 20, 2021) (same).

---

[1] "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons. Rule 60(b). Those reasons include, for example, "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1).

[2] Decisions issued by the former Fifth Circuit Court of Appeals before the close of business on September 30, 1981, are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Despite FGT's citation to it, Rule 60(a) does not apply to the situation at hand. In May 2021, FGT reached a settlement with fee owner Linda Avram regarding the condemnation of a temporary construction easement for the installation of a natural gas pipeline. (See Doc. 26, Joint Notice of Settlement; Doc. 29, Joint Motion for Entry of Stipulated Final Judgment). The terms of the settlement were (understandably) undisclosed. Afterward, FGT moved for default judgment against the Unknown Owners, if any, of Tract Number FL–COLU–055.00. FGT attached to its Motion for Default Judgment an opinion by its appraiser, Chad Durrance, who stated that the value of the easement was $500.00. (Doc. 28-1, Declaration of Chad Durrance). Because no Unknown Owner contested Mr. Durrance's opinion, FGT urged the Court to adopt $500.00 as the amount of just compensation owed for the property, and the Court did so. FGT advised the Court in the Motion for Default Judgment that it had reached a settlement with Ms. Avram that "resolve[d] all compensation for the taking including attorneys' fees and expert costs, if any," and that the settlement was "subject to apportionment." Motion for Default Judgment at 4. The Court granted FGT's Motion for Default Judgment and instructed it to deposit $500.00 into the Court's Registry. Order at 8.

In filing the Motion for Default Judgment, however, "FGT inadvertently omitted language that would confirm to the Court that the settlement amount paid to the fee owner of the easement acquisition exceeded the appraised value

of FL-COLU-055.00." Motion for Reconsideration at 2. As such, in the Motion for Reconsideration, FGT asserts that it was not its intent that it should deposit $500.00 into the Court's Registry on top of what it agreed to pay Ms. Avram. FGT notes that the sum of money it agreed to pay Ms. Avram exceeds the appraised value of the property. Motion for Reconsideration at 2–3. Because of this and the fact that FGT's settlement with Ms. Avram is subject to apportionment, FGT argues that its settlement with Ms. Avram satisfies its requirement to pay just compensation. Therefore, FGT argues that the default judgment entered on July 30, 2021, against Unknown Owners, if any (Doc. 35, Default Judgment), should be allowed "to stand without the requirement for an additional deposit of compensation in the Court Registry." Motion for Reconsideration at 3.

Upon consideration of the record, the Court is persuaded that FGT should be relieved of the requirement to deposit $500.00 into the Court's Registry. However, the relief FGT seeks is appropriately addressed under Rule 60(b)(1) instead of Rule 60(a). Rule 60(a) exists to correct purely clerical mistakes, which are errors "merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (internal quotation marks and citation omitted). But as the facts above show, the Court's decision to require FGT to deposit $500.00 into the Court's registry was not of that nature. Instead, it was based on an inadvertent

omission of pertinent information by FGT. Certainly, the mistake affected FGT's substantial rights because it would have required FGT to pay more than just compensation for the property. Because the error affected FGT's substantial rights, it is outside the scope of Rule 60(a) and is properly addressed under Rule 60(b). <u>Warner</u>, 526 F.2d at 1212.

Rule 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1).[3] That Rule fits the situation here. As FGT states, "FGT inadvertently omitted language [from the Motion for Default Judgment] that would confirm to the Court that the settlement amount paid to the fee owner for the easement acquisition exceeded the appraised value of FL-COLU-055.00." Motion for Reconsideration at 2. Yet, requiring FGT to deposit $500.00 into the Court's Registry, in addition to the settlement with Ms. Avram (which is subject to apportionment), would require FGT to pay more than just compensation for the property. Therefore, the Court finds that Rule 60(b)(1) applies to the situation at hand and that FGT should be relieved of the requirement to deposit an additional $500.00.

---

[3] A motion for relief from judgment under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). FGT's motion for relief from judgment is timely.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff FGT's "Motion for Reconsideration of the Order on Final Summary Default Judgment and Memorandum of Law in Support" (Doc. 36) is **GRANTED**.

2. Plaintiff FGT is relieved of the obligation to deposit $500.00 into the Court's Registry as a condition for the entry of a default judgment against Unknown Owners, if any.

3. This Order does not affect the settlement agreement between FGT and Ms. Avram. The Court will enter an order on the Joint Motion for Entry of Stipulated Final Judgment (Doc. 29) shortly.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of October, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies to:
Counsel and parties of record